IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD A. GRAY,<br>Private, U.S. Army,<br>Petitioner, | ) | |
| v. | ) | CASE NO. 08-3289-RDR |
| JAMES W. GRAY,<br>Colonel, U. S. Army,<br>Commandant<br>U.S. Disciplinary Barracks,<br>Fort Leavenworth, Kansas<br>Respondent. | ) | **IMMINENT EXECUTION SCHEDULED: December 10, 2008** |

**MOTION FOR APPOINTMENT OF COUNSEL**
**AND FOR STAY OF EXECUTION**
**IN ORDER TO FILE PETITION FOR A WRIT OF**
**HABEAS CORPUS BY A PERSON UNDER A DEATH SENTENCE**
**AND BRIEF IN SUPPORT**

Comes now the Petitioner, United States Army Private Ronald A. Gray, and hereby notifies this Court that he intends to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 *et. seq*. Pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), 21 U.S.C. § 848(q) and 28 U.S.C. § 1651, Private Gray hereby moves this Court to enter an order staying his execution pending full resolution of federal habeas proceedings and appointing the undersigned attorneys, Thomas Bath of Bath & Edmonds, P.A., Overland Park, Kansas, and Thomas H. Dunn, Atlanta, Georgia, as counsel for Private Gray for the purpose of preparing and litigating his petition for a writ of habeas corpus. In support of this motion, Private Gray states as follows:

## STATEMENT OF FACTS

1. Private Gray is a U.S. Army death-sentenced prisoner in Respondent's custody. Private Gray is being held in Respondent's custody based on a judgment entered by a General Courts-Martial convened at Fort Bragg, North Carolina. Private Gray intends to file a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 *et. seq.* In that petition, Private Gray will demonstrate that the military court judgment under which he is incarcerated was obtained and is being maintained in violation of his federal constitutional rights. **The Secretary of the Army has scheduled Private Gray's execution for December 10, 2008.**

2. Private Gray's convictions and death sentence became final on July 28, 2008, when the President approved his death sentence. (Presidential Order, Attachment 1). On August 14, 2008, the Secretary of the Army signed an Execution Order directing that Private Gray be executed at the Federal Correctional Complex, Terre Haute, Indiana, on December 10, 2008, at 2200 hours, by lethal injection. (Execution Order, Attachment 2).

3. The Secretary of the Army's issuance of an execution order on Private Gray was an administrative formality. *See* Army Regulation 190-55, Paragraph 1-4a(3)(which requires an execution order be issued after Presidential approval, contemplates the issuance of a stay of execution and vests in the Secretary the exclusive authority for setting executions) (AR 190-55, Attachment 3). Moreover, Army Regulation 27-10, paragraph 13-12, acknowledges that death sentenced service members, like Private Gray, have a right to seek federal habeas review and presupposes the appointment of civilian counsel in federal habeas corpus proceedings. If service members do seek habeas review, they are entitled to have military counsel detailed "to ***assist*** counsel appointed by the District Court or individually retained for representation in such proceedings and any appeals therefrom." (AR 27-10, Attachment 4 (emphasis added)). Private Gray has expressed his intention of seeking federal habeas corpus review of his convictions and sentence of death and has requested military counsel (Gray Request, Attachment 5). The Judge Advocate General

(TJAG) of the Army has detailed military counsel for Private Gray to assist civilian counsel – whether appointed or retained. (TJAG Letter, Attachment 6).

4. On November 14, 2008, counsel for Private Gray requested that U.S. Army officials agree to stay of execution prior to filing for a stay of execution in this Court in exchange for agreeing to a timetable for the filing of an initial petition. (Letter to TJAG, Attachment 7). The Secretary of the Army declined to postpone the scheduled execution. (Secretary of Army Letter, Attachment 8).

5. Private Gray intends to file a petition for writ of habeas corpus in federal court challenging, under the United States Constitution, the legality of his convictions and sentences. *See* 28 U.S.C. § 2241 *et seq*. Private Gray has not previously filed a petition for federal habeas relief to challenge his convictions and death sentence.

6. Private Gray is indigent and does not have counsel who can prepare and file such a petition. *See* Motion to Proceed *In Forma Pauperis*, filed herewith.

7. The last execution of a service member by the United States military was almost fifty years ago, in April of 1961. James J. Fisher, A Soldier Is Hanged, KANSAS CITY STAR, Apr. 13, 1961, at 7. Since then, death penalty jurisprudence has significantly evolved providing greater constitutional safeguards for capital defendants **(***see e.g. Ford v. Wainwright*, 477 U.S. 399, 411 (1986) and, as the United States Supreme Court noted, "federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 859 (1994).

8 Private Gray seeks appointment of qualified counsel so that he can prepare a federal habeas corpus petition challenging his capital convictions and sentence of death. Attorneys Bath and Dunn satisfy the requirements of 21 U.S.C. 848(q) and are willing to accept appointment in this Court and will be assisted by detailed military counsel, Lieutenant Colonel Mark Tellitocci and Captain William Jeremy Stephens. Applications for admission *pro hac vice* for Attorneys Dunn, Tellicotti and Stephens are being filed herewith. Attorneys Tellitocci and Stephens, as detailed military counsel, will not be seeking compensation from the Court.

9. Attorney Thomas J. Bath, Jr. is a Kansas trial lawyer who has been practicing criminal law since 1986. He is an experienced criminal defense attorney with an active practice in both Federal and State court. His white collar practice includes representation of individuals and corporations on complex matters ranging from health care, tax and bank fraud to allegations brought by federal regulatory agencies including the EPA, FDA, HUD and Department of Labor. Attorney Bath has also represented individuals in Federal court on matters including public corruption, bribery, bank robbery, narcotics distribution, RICO and prescription fraud. His state practice includes every type of allegation including securities fraud, embezzlement, narcotics, vehicular homicide, DUI, robbery, child abuse, sexual assault and murder. From 1986 to 1992, he was an Assistant District Attorney where he prosecuted numerous high profile cases and was recognized in 1992 as the prosecutor of the year in the State of Kansas. Since 1992 his practice has focused on criminal defense. In 2004, Attorney Bath was awarded the Outstanding Service Award by the Kansas Bar Association. This award recognizes lawyers for service that significantly advances the administration of justice or the goals of the legal profession. Attorney Bath is one of a select few who have been asked by the Courts (State and Federal) to represent individuals charged with capital murder. He has been a featured speaker and panelist at numerous local and state conferences addressing criminal law issues.

10. Attorney Thomas H. Dunn is a member in good standing of the State Bars of Georgia, Florida and New York. Attorney Dunn has represented Mr. Gray in seeking certiorari in the United States Supreme Court and has had an ongoing attorney client relationship with Private Gray since 2000. Attorney Dunn served twenty years in the U.S. Army Judge Advocate General's Corps as both a prosecutor and defense counsel. He was an Operation Desert Storm volunteer and was awarded the Bronze Star Medal for exceptionally meritorious service in a combat environment. Since 1999, he has served as the Executive Director of the Georgia Appellate Practice and Education Resource Center, 303 Elizabeth Street, N.E., Atlanta, Georgia 30307. The Georgia Resource Center is a non-profit law office funded by the Judicial Council of the State of Georgia and private grants that provides both direct representation and consulting services to indigent citizens

in Georgia who are under death sentences in state and federal post-conviction proceedings. For the past twenty years, Attorney Dunn has limited his practice of law to the defense of capital cases in Florida, Georgia and New York. He served as the First Deputy Capital Defender with the New York Capital Defender Office from 1995 to 1999. He has been involved in the defense of capital cases at every stage of litigation – trial, direct appeal and state and federal habeas corpus and clemency proceedings. He has been attorney of record or a consulting counsel in over one hundred capital cases in direct appeal and post-conviction proceedings. Moreover, he has been counsel of record or a consulting counsel in over fifty capital cases at the trial level.

## CITATION OF AUTHORITIES

### I. Appointment of Counsel is Required for Death Sentenced Inmates Who Intend to Challenge Capital Judgments In Federal Post-Conviction Proceedings

Private Gray is indigent and does not have funds to obtain the services of counsel in these proceedings. Under these circumstances, 21 U.S.C.§ 848(q)(4)(B), as applied by the United States Supreme Court in *McFarland v. Scott*, 512 U.S. 849 (1994), requires that counsel be appointed to represent Private Gray to prepare and file a habeas corpus petition. "In establishing a federal death penalty for certain drug offenses under the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e), Congress created a statutory right to qualified legal representation for capital defendants in federal habeas corpus proceedings." *McFarland*, 512 U.S. at 851. Under the Act:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services *shall be entitled to the appointment of one or more attorneys* and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. § 848(q)(4)(B) (emphasis added).

In *McFarland*, the Supreme Court addressed "whether a capital defendant must file a formal habeas corpus petition in order to invoke this statutory right [§ 848]. …" *Id*., 512 U.S. at 851. The Court determined that Congress – both through the express language of this statute and in light of the purpose for its enactment – "establish[ed] that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *Id*. at 856.

With respect to the express language of the statute, the Court first noted that § 848(q)(4)(B) incorporated § 848(q)(9), which "entitles capital defendants to a variety of expert and investigative services upon a showing of necessity." *Id*. at 855. These services may be necessary "in the preapplication stage of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified." *Id*. Because these services are necessary before a petition is filed, and because the statute requires that the defendant's attorney obtain these services from the court, "Section 848(q)(9) clearly anticipates that capital defense counsel will have been appointed under Section 848(q)(4)(B) before the need for such technical assistance arises." *Id*. Therefore, Congress' express language "established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings." *Id*.

With respect to the purpose behind the statute, the Court determined that providing pre-petition counsel was the only way to "give] meaning to the statute as a practical matter." *Id*. Congress' provision of a right to counsel "reflects a determination that quality legal representation is necessary … in light of 'the seriousness of the possible penalty and … the unique and complex nature of the litigation.'" *Id*. (citations omitted). The Court listed some of the complexities of capital habeas corpus litigation:

> Habeas corpus petitions must meet heightened pleading requirements and comply with this Court's doctrines of procedural default and waiver. Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. … Moreover, should a defendant's *pro se* petition be summarily dismissed, any petition subsequently filed by counsel could be subject to dismissal as an abuse of the writ. Requiring an indigent capital petitioner to proceed

> without counsel … thus would expose him to the substantial risk that his habeas claims never would be heard on the merits. Congress legislated against this legal backdrop in adopting Section 848(q)(4)(B).

*Id*. at 856 (citations omitted). *See also Murray v. Giarratano*, 492 U.S. 1, 14 (1989) ("[I]t [is] unlikely that capital defendants will be able to *file* successful petitions for collateral relief without the assistance of persons learned in the law.") (Kennedy, J., concurring in judgment) (emphasis added).

The Court reasoned that Congress' "express requirement of counsel" would "be defeated" if counsel was only provided after the critical pleading stage of a federal habeas corpus action, and held:

> We therefore conclude that a "post conviction proceeding" within the meaning of Section 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding.

*McFarland*, 512 U.S. at 856-57.[1]

Although the statute specifically speaks of post conviction proceedings under § 2254 or 2255 and not actions under § 2241, the clear intent of the statute was to provide for the right to counsel in all federal judicial post conviction proceedings "seeking to vacate or set aside a death sentence." In fact, there can be no justification for withholding the right to counsel from military death sentenced federal habeas petitioners.

---

[1] Justice O'Connor wrote separately and concurred in this part of the Court's judgment:

> I agree with the Court's conclusion that 21 U.S.C. § 848 entitles capital defendants pursuing federal habeas corpus relief to a properly trained attorney. I also agree that this right includes legal assistance in *preparing* a habeas petition. Thus, the Court correctly holds that a defendant need not file a habeas petition to invoke the right to counsel.

*McFarland*, 512 U.S. at 860 (O'Connor, J., concurring in part and dissenting in part) (emphasis added).

Private Gray requests that the undersigned counsel be appointed to represent him in federal habeas proceedings. The qualifications required for appointed counsel in a case like this, where judgment has been entered, are set out in 21 U.S.C. 848(q):

> (6) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (7) With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

**II. A Stay of Execution Is Appropriate**

This Court has jurisdiction to enter an order staying Private Gray's execution and appointing counsel:

> [A] capital defendant may [before filing a petition for writ of habeas corpus] invoke this right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and … a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right.

*McFarland*, 512 U.S. at 859.

Private Gray is entitled to the appointment of counsel under 21 U.S.C. § 848(q)(4)(B). However, the appointment of counsel would be meaningless under these circumstances without a stay of the scheduled execution. *McFarland*, 512 U.S. at 857 ("Even if the District Court had granted McFarland's motion for appointment of counsel and had found an attorney to represent him, this appointment would have been meaningless unless McFarland's execution also was stayed."). "[T]he right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858.

Most jurisdictions do not issue execution warrants before capital habeas cases enter federal review. Even in those few jurisdictions that still do issue warrants prior to federal habeas review, the states do not object to motions for stay of execution and appointment of counsel in the federal district court. Decades of practice have proven that litigation of first time habeas petitions under warrant does nothing to bring capital cases to final resolution in a fair and efficient manner.[2]

If a defendant does not act in a "dilatory" manner or "flout the available process," then "approving the execution of a defendant before his [petition] is decided on the merits

[2] Every group of the Bench and Bar that has studied the issue has recommended that a first habeas corpus action not proceed under the pressures attendant to a scheduled execution. For example, the United States Judicial Conference's Ad Hoc Committee on Federal Habeas Corpus in Capital Cases recommended that:

> Capital cases should be subject to one complete and fair course of collateral review in the state and federal system, free from the time pressure of impending execution, and with the assistance of competent counsel for the defendant.
>
> * * *
>
> Importantly, [the Committee's proposed] statute provides for an automatic stay of execution, which is to remain in place until federal habeas proceedings are completed, or until the prisoner has failed to file a petition within the allotted time. This automatic stay ensures that claims need not be evaluated under the time pressure of a scheduled execution.

*Report on Habeas Corpus in Capital Cases*, 45 Crim. L. Rep. (BNA) 3239, 3240-41 (September 27, 1989).

> Justice Powell, who chaired the Ad Hoc Committee, has amplified the need for unhurried review: As our opinions have made clear, no higher duty exists in the judging process than to exercise meticulous care where the sentence may be, or is, death.

*Schiro v. Indiana*, 493 U.S. 910, 913 (1989) (memorandum opinion of Justice Stevens) (quoting Address of Justice Powell, Eleventh Circuit Conference, May 8-10, 1988).

A year after the report by the Ad Hoc Committee, its recommendation regarding stays of execution was seconded by the American Bar Association Task Force on Death Penalty Habeas Corpus:

> The current practice of setting execution dates, with its unrealistic deadlines and unrealistic demands, should have no place in a rational system of death penalty review. . . . In pursuit of this objective, the American Bar Association recommends that the appropriate federal court grant an automatic stay of execution to run from the initiation of state post-conviction proceedings through the completion of the initial round of federal habeas corpus proceedings in the district court, the court of appeals, and the United States Supreme Court.

Ira P. Robbins, *Toward a More Just and Effective System of Review in State Death Penalty Cases, Report of the American Bar Association's Recommendations Concerning Death Penalty Habeas Corpus*, 40 Am. U.L. Rev. 9, 38-39 (1990).

would clearly be improper." *McFarland*, 512 U.S. at 858 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)). Private Gray has not "inexcusably ignore[d]," *id*., this Court's processes, he has "filed a motion for appointment of counsel and for stay of execution in this case, and the District Court [has] authority to grant the relief sought," *id*. at 859.

## CONCLUSION

WHEREFORE, Private Gray respectfully requests that the Court: (a) issue an order staying his execution pending full resolution of habeas proceedings, and (b) appoint undersigned counsel to represent Private Gray in federal habeas proceedings and any subsequent proceedings encompassed within 21 U.S.C. § 848(q)(8).

Respectfully submitted,

*/s/ Thomas J. Bath, Jr.*

Thomas J. Bath, Jr. #12971
Bath & Edmonds, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas 66204
(913) 652-9800
Facsimile (913) 649-8494
E-Mail: tom@bathedmonds.com
Counsel for Private Gray

MARK TELLITOCCI
Lieutenant Colonel, U.S. Army
WILLIAM JEREMY STEPHENS
Captain, U.S. Army
Defense Appellate Division
U.S. Army Legal Services Agency
901 North Stuart Street, #340
Arlington, Virginia 22203
(703) 588-5281

THOMAS H. DUNN
303 Elizabeth Street NE
Atlanta, Georgia 30307
(404) 222-9202

COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2008, a copy of the foregoing Motion for Appointment of Counsel and For Stay of Execution In Order to Notice of Intent to File Petition for a Writ of Habeas Corpus by a Person Under a Death Sentence And Brief In Support was served by email and first-class mail, postage pre-paid, to:

Major Joshua M. Toman
Joshua.M.Toman@us.army.mil
Captain Patrick Grant
Litigation Division
901 North Stuart Street, #340
Arlington, Virginia 22203
(703) 696-8126
Facsimile (703) 696-1627

*/s/ Thomas J. Bath, Jr.*

______________________________

Thomas J. Bath, Jr.
Counsel for Private Gray