**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONALD A. GRAY,**

**Petitioner,**

**v. CASE NO. 08-3289-RDR**

**JAMES W. GRAY, Commandant,**

**Respondent.**

**O R D E R**

This matter comes before the court on petitioner's motion for leave to proceed *in forma pauperis* and his combined motion for a stay of execution and for the appointment of counsel pursuant to 21 U.S.C. § 848. Also before the court are motions to appear *pro hac vice* filed on behalf of Thomas H. Dunn, William Jeremy Stephens, and Mark Tellitocci.

The court has examined the motions and enters the following rulings.

Pursuant to the rules of this court, leave to proceed *in forma pauperis* ordinarily may be granted where the applicant's resources in an institutional account do not exceed $150.00. D. Kan. R. 9.1(g). The affidavit of poverty and institutional certificate submitted by the petitioner show his assets are valued at less than $75.00. The court concludes petitioner is unable to bear the costs of this action and grants his motion for leave to proceed *in forma*

*pauperis.*

Petitioner also seeks a stay of his execution, which currently is scheduled for December 10, 2008. In support of this request, he cites *McFarland v. Scott*, 512 U.S. 849 (1994), as authority that this court has jurisdiction to enter a stay of execution to allow a capital defendant to pursue federal habeas corpus relief.[1] Having considered the record, the court agrees a stay of execution is necessary to assure that petitioner has the opportunity to present his claims for habeas corpus relief.

Petitioner is eligible for the appointment of counsel pursuant to 18 U.S.C. § 3006(2)(B), which provides for the appointment of counsel, when "the interests of justice so require", to a party seeking relief under 28 U.S.C. § 2241. Petitioner also argues with force that the provisions of 21 U.S.C. § 848(q)(4)(B), which governs the appointment of counsel to capital defendants seeking post-conviction review under 28 U.S.C. §§ 2254 and 2255, should be interpreted to include military capital defendants seeking relief in federal post-conviction actions brought under § 2241.

Petitioner cites the *McFarland* decision as support for the premise that capital defendants have a right to counsel that extends to preapplication assistance. *McFarland*, 512 U.S. at 857 n.3. The

---

[1]The language cited by petitioner provides:
[A] capital defendant may ...invoke th[e] right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and ... a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right. *McFarland*, 512 U.S. at 859.

court has considered these arguments and grants petitioner's request for the appointment of counsel.

Pursuant to D. Kan. Rule 83.5.4(a), a party not admitted to practice in this court may, upon the motion of a member of the bar of this court who is in good standing, be admitted for the limited purpose of appearing in a particular case. The court has examined the pending applications to appear *pro hac vice* and grants the motions.

IT IS, THEREFORE, BY THE COURT ORDERED the petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3) is granted.

IT IS FURTHER ORDERED petitioner's combined motion for stay of execution and for the appointment of counsel (Doc. 2) is granted. The stay of execution shall remain in place until further order of the court, and the court requests counsel for the petitioner to transmit this order to appropriate military authorities to notify them of the stay.

IT IS FURTHER ORDERED the motions to appear *pro hac vice* of Thomas H. Dunn (Doc. 1), William Jeremy Stephens (Doc. 4), and Mark Tellitocci (Doc. 6) are granted for this action only.

IT IS FURTHER ORDERED Thomas J. Bath and Thomas H. Dunn are appointed to represent petitioner with detailed military counsel, Lieutenant Colonel Mark Tellitocci and Captain W. Jeremy Stephens.

IT IS FURTHER ORDERED counsel shall advise the court on or before December 8, 2008, of those who wish to participate in a telephone scheduling conference in this matter.

Copies of this order shall be transmitted to counsel of record

and to the Office of the United States Attorney for the District of Kansas.

**IT IS SO ORDERED.**

DATED: This 26th day of November, 2008, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge