UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____

RONALD GRAY,  :  No. 02-CR-116
  Private, U.S. Army,  :
   :  CAPITAL HABEAS
             Petitioner,  :  UNDER 28 U.S.C. § 2241
   :
             -v-  :
   :
ERIC BELCHER,  :
  Colonel, U.S. Army,  :  CASE NO: 08-3289 - RDR
  Commandant,  :
  U.S. Disciplinary Barracks,  :
  Fort Leavenworth, Kansas,  :
   :
             Respondent.[1]  :

_____

**PETITIONER'S NOTICE OF MILITARY COURT PROCEEDINGS AND
REQUEST THAT THE COURT AWAIT THE ACTION OF THE MILITARY COURTS
BEFORE TAKING DISPOSITIVE ACTION IN THIS CASE**

Petitioner provides notice that he has filed the attached petition for writ of coram nobis in the military courts and respectfully requests that the Court await the action of the military courts before taking dispositive action in this case, and in support submits:

    1.      Petitioner is a death-sentenced military prisoner. On April 1, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court. The Government filed a Response on May 1, 2009.

    2.      On May 8, 2009, this Court assigned the undersigned Federal Community Defender Office to represent Petitioner. Petitioner filed his Traverse along with a motion to supplement and

---

[1] In prior proceedings in this case, Col. James Gray, previously the Commandant of the Disciplinary Barracks, was the named Respondent. Col. Eric Belcher has since assumed the position of Commandant and, pursuant to Fed. R. Civ. Pro. 25(d), is substituted as the Respondent here.

1

amend the habeas petition on December 18, 2009. The proposed amendments and supplements included three new claims for relief and additional evidence in support of previously raised claims.

3. On September 30, 2010, the Court granted Petitioner's motion to amend and supplement the Petition and granted Respondent thirty days to respond to the Traverse.

4. On November 1, 2010, Respondent filed a Response, raising various challenges and defenses to the new claims raised in the Traverse, including an assertion that the claims were waived because they had not been exhausted in the military courts.

5. On November 10, 2010, Petitioner requested an extension of time, until February 14, 2011, to reply to the response. In researching this submission – and in particular Respondent's assertion of a failure-to-exhaust defense – Petitioner was guided by the Supreme Court's decision in *United States v. Denedo*, 129 S.Ct. 2213 (2009), by the Court of Appeals for the Armed Forces' decisions in *Loving v. United States*, 62 M.J. 235 (CAAF 2005) and related cases, and by this Court's opinion in *Piotrowski v. Commandant, USDB*, 2009 WL 5171780 (D. Kan. 2009). Briefly stated, these case address the availability of post-conviction remedies in the military courts.

6. In *Piotrowski*, this Court read *Denedo* as establishing that post-conviction review in the military courts is available to military prisoners in final cases through a writ of coram nobis. 2009 WL 5171780 at *12. Petitioner's filing in the military courts follows this view, but Petitioner respectfully points out that not every jurist reads *Denedo* in this way, and that *Denedo* thus leaves some uncertainty as to the availability of coram nobis relief in the military courts for a prisoner who, as here, remains in military custody.[2] In *Denedo*, the prisoner had long since been released from

---

[2] *See, e.g., Loving v. United States*, 68 M.J. 1, 25-26 (CAAF 2009) (Ryan. J., dissenting) (opining that the military courts lack jurisdiction to issue an extraordinary writ where federal courts have jurisdiction to conduct habeas review).

custody, and the Supreme Court stated that a writ of coram nobis "may not issue when alternative remedies, such as habeas corpus, are available." 129 S.Ct. at 2220. The Supreme Court, however, did not analyze under what circumstances habeas is "available," including whether it was referring to the availability of habeas relief only in the military courts, or also in the federal courts. Nor did the Supreme Court address the question of whether the "availability" of habeas relief in federal court might depend upon the applicable standard of review and/or on the possible unavailability of habeas relief where the Army successfully asserts non-exhaustion as a defense. *See Loving*, 62 M.J. at 248-49 ("our concluding that Article III courts have the power to entertain a writ of habeas corpus or other petitions does not necessarily mean that this eventual review is an adequate remedy at law [...in light of the] federal courts' application of the doctrines of exhaustion or abstention.").

7. Given Respondent's assertion of a non-exhaustion defense here, these novel questions all come to fore. The answers to these questions will determine the course of litigation not just for this case but for all future "final" military capital cases, and quite possibly for noncapital cases as well. Petitioner believes it appropriate for the military courts to have the first opportunity to answer these questions and, of course, Petitioner seeks to ensure substantive review of his new claims.

8. Accordingly, Petitioner has filed a petition for writ of coram nobis in the military courts, and attaches a copy of the petition (without the exhibits) hereto for the Court.

9. These coram nobis proceedings may render moot several of the procedural assertions that the Respondent has made in this Court, and indeed, may render these federal proceedings unnecessary altogether. *E.g.*, *Gusik v. Schilder*, 340 U.S. 128, 131-32 (1950) ("If an available procedure has not been employed to rectify the alleged error which the federal court is asked to correct, any interference by the federal court may be wholly needless."); *accord Loving*, 62 M.J. at

249 n.89. Thus, unless the Court directs otherwise, Petitioner will not file a reply to Respondent's Response to the Traverse and amended petition at this time, but will address Respondent's defenses to the new claims, if necessary, after completion of the military court proceedings.

10.     Further, in the experience of undersigned military counsel, the military courts move expeditiously in such matters.  Petitioner therefore believes that the best approach would not be to hold this matter formally in abeyance at this juncture, but instead for the Court to maintain Petitioner's case on its active docket while the military courts review Petitioner's submission. Petitioner will, of course, notify the Court promptly after completion of the military proceedings.[3]

11.     By maintaining this case on the active docket while the military action proceeds, the parties can continue their research and investigation, can continue briefing any developments in relevant law, and can make filings in this Court that address developments in the military proceedings.  This process makes the best sense, we believe, given the stakes involved in, and the novelty and complexity of, this death penalty case.

---

[3] If the Court believes formal abeyance of this matter is or becomes necessary, then abeyance, as opposed to the procedural uncertainties invited by dismissing the petition, would be appropriate under the federal law governing non-AEDPA capital habeas cases.  *See, e.g.*, *Carpenter v. Vaughn*, 296 F.3d 138, 145 (3d Cir. 2002) (Alito, J.) ("Carpenter filed a motion to hold the appeal in abeyance so that he could file a second PCRA petition [to exhaust unexhausted claims]. We granted that motion."); *Arango v. Wainwright*, 716 F.2d 1353, 1354 (11th Cir. 1983) ("In the interests of judicial economy, this federal proceeding should be held in abeyance until all of the claims Petitioner wants to assert are exhausted and brought before a federal court."); *Simpson v. Camper*, 743 F.Supp. 1342 (W.D. Mo. 1990), *appeal held in abeyance*, 927 F.2d 392 (8th Cir. 1991), *judgment vacated*, 974 F.2d 1030 (8th Cir. 1992) (Eighth Circuit holding appeal in abeyance while Petitioner exhausted claim in state courts, then vacating District Court's judgment after the state court granted relief); *accord Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993).  Petitioner will file an appropriate motion discussing the abeyance issue if the Court concludes that the instant request is inappropriate.

WHEREFORE, Petitioner respectfully requests that this Court maintain this matter on its active docket and await final action by the military courts before taking dispositive action in this case.

Respectfully Submitted,

/s/ Billy Nolas
Billy H. Nolas (PA 83177)
Shawn Nolan (PA 56535)
Timothy Kane (PA 210128)
Federal Community Defender Office for the
Eastern District of Pennsylvania
Capital Habeas Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
(215) 928-0520
Facsimile: (215) 928-0826
Billy_Nolas@fd.org
Shawn_Nolan@fd.org
Timothy_Kane@fd.org

/s/ Thomas J. Bath, Jr.
Thomas J. Bath, Jr.          #12971
Bath & Edmonds, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas 66204
(913) 652-9800
Facsimile: (913) 649-8494
tom@bathedmonds.com

/s/ Mark Tellitocci
Mark Tellitocci, Colonel, U.S. Army
Defense Appellate Division
U.S. Army Legal Services Agency
901 North Stuart Street, #340
Arlington, Virginia 22203
TellitocciM@conus.army.mil
StephensW@conus.army.mil

Counsel for Petitioner, Private Ronald Gray

Dated: February 14, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2011, the foregoing *Petitioner's Notice of Military Court Proceedings and Request that the Court Await the Action of the Military Courts Before Taking Dispositive Action in This Case* was served through the Court's electronic delivery system upon the following:

D. BRAD BAILEY
Office of United States Attorney
290 U.S. Courthouse
444 S.E. Quincy
Topeka, KS 66683-3592

JOSHUA M. TOMAN
Special Assistant United States Attorney
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837.

 /s/ Timothy Kane
Timothy Kane

Counsel for Petitioner