## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD A. GRAY,

      Petitioner,

vs.

ERIC BELCHER,

      Respondent.

Case No. 5:08-CV-3289-JTM

### ORDER DENYING PETITIONER'S RULE 59 MOTION

This matter comes before the Court on Petitioner's Motion to Alter and Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 (Dkt. 92). Petitioner seeks reconsideration of the Court's denial of habeas corpus relief based on his assignment of error 21 that the military courts lacked jurisdiction to capitally prosecute him for crimes committed in the United States during peacetime because the Uniform Code of Military Justice ("UCMJ"), the statute granting the military courts jurisdiction, was unconstitutional. (Dkt. 90, at 40-43). After reviewing the briefs, the court denies the motion.

**I.**    **Legal Standard for Motion to Alter or Amend Judgment**

A motion to alter or amend, like a motion to reconsider, is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already

1

addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

## II.     Discussion

Petitioner contends this Court committed clear error in its determination that the military courts did indeed have jurisdiction over his crimes by 1) misconstruing Claim 21; and 2) failing to follow the presumptive reluctance to recognize military jurisdiction over nonmilitary offenses and give proper weight to the historically unprecedented nature of the military's exercise of jurisdiction over a capital case. (Dkt. 92, at 4). In the order denying habeas corpus relief (Dkt. 90), this Court recited Petitioner's summary caption of Claim 21 verbatim, making Petitioner's argument that this Court misconstrued Claim 21 conclusory and unavailing. As to his arguments that military jurisdiction should be strictly construed and that history and tradition support finding the military courts lack jurisdiction over capital crimes, they were previously raised in his Amended Habeas Petition and rejected by this Court. Indeed, Petitioner recited the exact same cases in his Amended Habeas Petition and Rule 59-motion. The Court carefully considered those cases, the evolution of the military justice system, and Congress' authority to authorize the military to exercise jurisdiction in capital cases during peacetime. Mere disagreement with the Court's opinion is not sufficient grounds for reconsideration.

Claim 21 also challenged military court jurisdiction based on a lack of service connection.

Petitioner states that this motion does not address that aspect of claim 21. (Dkt. 92, at 2, n.1). Despite this, Petitioner argued that the capital prosecution of domestic, peacetime crimes is not a "military" affair. (Dkt. 92, at 3). This argument is no different than his lack of service connection argument, which was previously raised and rejected.

**IT IS THEREFORE ORDERED** this 23rd day of December, 2015, that Petitioner's motion to alter judgment (Dkt. 92) is hereby DENIED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE