IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD A. GRAY,

        Petitioner,

v.                                         Case No. 5:08-cv-03289-JTM

ERIC BELCHER,

        Respondent.

## MEMORANDUM AND ORDER

Petitioner Ronald Gray's habeas petition (Dkts. 17, 42) includes both exhausted and unexhausted claims. The court initially denied the exhausted claims with prejudice and dismissed the unexhausted claims without prejudice. Dkt. 91. On appeal, the Tenth Circuit concluded this was erroneous, noting that a district court faced with such a "mixed" petition has four options: (1) dismiss the entire petition without prejudice to refiling after the petitioner exhausts all claims or resubmits the petition to proceed solely on the exhausted claims; (2) deny the entire petition with prejudice if the unexhausted claims are clearly meritless; (3) apply an "anticipatory procedural bar" to the unexhausted claims and deny them with prejudice if the petitioner would now be procedurally barred from raising them in military court and cannot show cause and prejudice to excuse the procedural default; or (4) retain jurisdiction but abate the habeas proceeding to allow the petitioner to exhaust all unexhausted claims. Dkt. 104 at 3.

Following remand, this court vacated its judgment and directed petitioner to "show cause why [the court] should not dismiss his entire petition without prejudice."

Dkt. 105. Petitioner filed a response agreeing that the petition should be dismissed without prejudice in its entirety. Dkt. 106. Respondent, on the other hand, argues the court should dismiss the entire petition with prejudice or, alternatively, should abate the proceeding while petitioner exhausts his unexhausted "coram nobis" claims. Dkt. 107.

The court has considered the parties' arguments and concludes that the better course is to dismiss the petition in its entirety without prejudice. Doing so furthers the strong preference "that the military courts first be given every reasonable opportunity to address the merits of a military prisoner's post-conviction arguments," with the civilian courts reviewing those decisions rather than seeking to substitute their own judgment for that of the military courts. *See* Dkt. 90 at 55. "The policy expressed in [*Burns v. Wilson*, 346 U.S. 137 (1953)] contemplates the orderly presentation of *all* issues to the military courts, and only afterwards [are they] presented by habeas corpus to civilian courts." Dkt. 90 at 55.

Respondent urges the court to deny the unexhausted coram nobis claims as clearly meritless or procedurally barred. But the policies noted above counsel toward allowing the military courts the first opportunity to address these questions. While the additional delay occasioned by a dismissal without prejudice is regrettable, the military courts have traditionally moved expeditiously to address such claims. Moreover, in the face of what are obviously complex procedural rules governing habeas claims, adherence to the preferred order of presentation outlined in *Burns* will avoid injecting unnecessary procedural error that would only further delay final disposition of the case.

As the court indicated in its initial Memorandum and Order, there is arguably room for debate as to the basis upon which the military courts denied petitioner's unexhausted coram nobis claims upon direct review. *See* Dkt. 90 at 55 (noting that by denying the coram nobis claims "without prejudice to raising the issue asserted after the U.S. District Court for the District of Kansas rules on the pending habeas petition," the CAAF seems to have "left open the door for Petitioner to present these claims to the military courts again upon learning what *this* court would do"). In light of this background, the court concludes that the better course is to dismiss the entirety of the habeas petition to allow petitioner to fully exhaust the unexhausted claims or to resubmit the petition without those claims.

**IT IS THEREFORE ORDERED** this 26th day of October, 2016, that Ronald A. Gray's petition for habeas corpus is DISMISSED WITHOUT PREJUDICE.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE