IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD A. GRAY,

        Petitioner,

v.                                    Case No. 5:08-cv-03289-JTM

COLONEL DAWN HILTON,
COMMANDANT, U.S. Disciplinary Barracks,
Fort Leavenworth, Kansas,[1]

        Respondent.

**MEMORANDUM AND ORDER**

On October 26, 2016, the court dismissed Ronald Gray's habeas petition under 28 U.S.C. § 2241 because it contained both exhausted and unexhausted claims. Dkts. 111, 112. The dismissal was without prejudice to refiling after petitioner exhausts all of the claims or resubmits the petition to proceed solely on the exhausted claims.

On November 21, 2016, respondent filed notice in this court of intent to designate a new date for petitioner's execution. Dkt. 113.  The notice asserted that although the court had previously stayed the execution "until further order of the court," (Dkt. 7), the dismissal of the petition "resolved the case" and thus "removes the stay of execution entered in this case." Dkt. 113 at 1. In response, petitioner argues that under the plain terms of the prior stay order, the stay remains in effect. Dkt. 114 at 3. Petitioner further contends this court has jurisdiction under 28 U.S.C. § 2251 to enter or maintain a stay to

---

[1] The court grants respondent's motion (Dkt. 115 at 1, n.1) to substitute Col. Hilton, in her official capacity as Commandant of the U.S. Disciplinary Barracks at Fort Leavenworth, in place of previously named respondent Eric Belcher.

protect petitioner's right to seek future federal habeas corpus review, notwithstanding the dismissal of the petition. Petitioner's attorneys represent that they intend to complete and file a petition in the military courts "in the coming weeks" to exhaust petitioner's coram nobis claims (Dkt. 114 at 2, n.1), and they ask the court to "clarify and maintain its stay of execution to ensure that Petitioner is allowed the opportunity to pursue his claims under the writ of habeas corpus." *Id*. at 5.

The absence of a pending habeas petition makes the basis for this court's jurisdiction to issue a stay of execution problematic. Section 2251, the provision cited by petitioner and relied on by the Supreme Court as the basis for a stay in *McFarland v. Scott*, 512 U.S. 849 (1994), applies when a habeas corpus proceeding is "pending." By its terms the statute is also limited to persons convicted in state court. Based on the reasoning of *McFarland*, however, it seems likely the court has jurisdiction to stay petitioner's execution if doing so is necessary to prevent the deprivation of his right to present a colorable federal habeas petition. *See McFarland*, 512 U.S. at 859 ("the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would be clearly improper.'" (*citing Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)). *See also* 28 U.S.C. § 1651 (federal courts may issue all writs necessary in aid of their jurisdiction).

Assuming without deciding that the court has authority to issue a stay without refiling of the unexhausted petition, any such authority is discretionary rather than a

matter of automatic right.[2] *Cf. McFarland*, 512 U.S. at 858 (Section 2251 dedicates the exercise of stay jurisdiction to the sound discretion of a federal court). Such discretion includes factors that warrant denial of a stay at this point. Section 2241 generally requires exhaustion of available remedies as a prerequisite to relief. *Cf.* 28 U.S.C. § 2254(b)(1)(A); *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (stay of execution is equitable remedy that must take account of state's strong interest in enforcing judgments without undue interference from federal courts). Presentation of a request for stay to the appropriate military court may render moot petitioner's request for a stay in this court. Absent exhaustion of remedies and a showing of the need for a stay to protect the right to seek federal habeas relief, the court declines to issue a stay.

**IT IS THEREFORE ORDERED** this 20th day of December, 2016, that the stay of execution previously entered (Dkt. 7) is no longer in effect and that petitioner's request to enter a stay is DENIED without prejudice.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE

---

[2] There is a mandatory stay provision (28 U.S.C. § 2262) in Chapter 154 of Title 28 applicable to prisoners in state custody, but neither party contends it applies here.